IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MY GOODNESS! GAMES, INC., | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-00043 |
| | § | |
| LOREN ANDREW WILLCOCK, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## APPLICATION TO CONFIRM ARBITRATION AWARD

Petitioner My Goodness! Games, Inc. ("Petitioner") respectfully submits this Application to Confirm Arbitration Award under 9 U.S.C. §§ 9, 13 and in support thereof, states as follows:

### PARTIES

1. Petitioner is Delaware corporation with a principal place of business located at 2219 Westlake Drive, Suite 150, Austin, Texas, 78746. Petitioner does business under the trade name Games2U.

2. Respondent Loren Andrew Willcock is an individual citizen of the State of Maryland, residing at 3110 Sade Court, Huntingtown, Maryland, 20639.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

4. Venue is appropriate in this Court and this Division pursuant to 28 U.S.C. § 1391 because Petitioner is a resident of this judicial district.

## BACKGROUND

5. Petitioner is the world's largest provider of mobile entertainment franchises in the United States. Respondent operated three franchised territories pursuant to franchise agreements (Franchise Agreements") he entered into with the Petitioner. Disputes arose between the parties, culminating in an arbitration that was conducted before arbitrator William Howell of the American Arbitration Association in Austin Texas on October 1 through October 4, 2018, Case No. 01-16-0004-8766.

6. Post-hearing briefs were submitted, and an Interim Award (exhibit 1 hereto) was handed down by the arbitrator on December 17, 2018 in favor of Petitioner and against Respondent, awarding Petitioner: a) monetary damages of $133,825.4; b) injunctive relief enforcing the parties' restrictive covenants prohibiting Respondent from competing within a 50-mile radius for a period of two years; c) post-award interest at the annual rate of 5.25% from the date of the award until payment (5.25% being the judgement rate calculated in accordance with TEX. FIN. CODE §304.003, as reported by the Texas Office of Consumer Credit Commissioner); and d) denial of all of Respondent's counterclaims. The Interim Award also provided that the parties' respective attorneys fees claim, which the parties and arbitrator agreed would be bifurcated, would be addressed in a subsequent award.

7. Petitioner submitted its claim for attorneys fees on December 22, 2018 (the "Attorneys Fees Application"), seeking $683,472 in fees and arbitration costs arising from four separate proceedings between the parties, to wit:

a. <u>Willcock v. My Goodness! Games</u>, Circuit Court of Calvert County Maryland, Case No. 04-C-16-00 1189 OC, November 2016 (the litigation that Respondent commenced against Claimant in Maryland state court);

b. <u>Willcock v. My Goodness! Games</u>, United States District Court for the District of Maryland, Case 8:16-cv-04020-PWG, December 2016 (the litigation under which the Claimant removed Respondent's state court proceeding to federal court and then litigated the AAA's authority to determine arbitrability);

c. <u>My Goodness! Games v. Willcock</u>, United States District Court for the Western District of Texas, Case 1:16-cv-01213, before Justice Lee Yeakel, in November 2016 (the preliminary injunction proceeding commenced by Claimant in Texas federal court as required by the jurisdictional clause of the Franchise Agreements); and

d. <u>My Goodness! Games v. Willcock</u>, American Arbitration Association, Case No. 01-16-0004-8766, November 2016 (the AAA proceeding pursuant to which the Award was issued).

7. The Attorneys Fees Application (exhibit 2 hereto) set forth how the fees were reasonable in light of the work expended and results obtained, in that Respondent had asserted counterclaims of upwards of $300,000, plus attorneys fees for each of: a) Jackson Walker on the Texas federal court TRO hearing; b) Cumberland & Early on the Maryland state and federal court proceedings; and c) James Carbine on the AAA proceedings determining both that the case was arbitrable, and then conducting the four-day arbitration, all of which were defeated. The Attorneys Fees Application further showed that the value of the two-year injunction which prevented Respondent from competing in the restricted territory that previously had been generating approximately $300,000 in annual revenue, which revenue could now be targeted by

Petitioner without any unfair competition, could be worth another $600,000 in revenue, let alone providing a validation of Petitioner's restrictive covenants for all its franchisees.

8. Respondent informed the AAA would it did not contest Petitioner's Attorneys Fees Application, and on January 10, 2019, the AAA issued a Final Award (exhibit 3 hereto) stating:

> Both the contracts and applicable Texas law require an award of reasonable and necessary fees and expenses. The evidence supports the reasonableness and necessity of the amount that G2U seeks. Also, Respondent Willcock's counsel has advised in writing that Willcock does not oppose G2U's motion.

The Final Award directed Respondent to pay Petitioner $683,472 in fees and arbitration costs, and $22,230 to repay Petitioner for arbitration costs that it had advanced but for which the non-prevailing party is responsible.

9. Collectively, the Interim Award and Final Award direct Respondent to pay Petitioner $839,527, plus 5.25% annual interest. To date, no amount has not been paid.

10. There are currently no pending motions to vacate, modify, or correct the Interim Award or Final Award.

## REQUESTED RELIEF

11. Section 9 of the Federal Arbitration Act ("FAA") permits parties to apply for an order confirming their arbitral awards. Specifically, Section 9 of the FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. The parties' Franchise Agreements provide that "Arbitration shall take place at a location specified by the arbitrator within five (5) miles of Franchisor's then-current principal place of business [Austin, Texas]. The award of the arbitrator shall be final and judgment upon the award may be entered in any court of competent jurisdiction." Franchise Agreement at ¶20.6.5. (exhibit 4 hereto)[1]

WHEREFORE, pursuant to 9 U.S.C. §§ 9 and 13 and the record in this action, Petitioner respectfully moves for an Order:

1. Confirming the Interim and Final Awards totaling $839,527, plus 5.25% annual interest;

2. Directing the entry of judgment against Respondent in accordance with the Interim and Final Awards, including but not limited to the injunctive relief granted therein; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: January 16, 2019

Murray & Di Bella, LLP

By: _____
Martin J. Murray
Texas Bar No. 24079951

5 Penn Plaza, 15th Floor
New York, NY 10001
Tel. 512-582-8181
mjm@murraydibella.com

*Counsel for Petitioner*
*My Goodness! Games, Inc. d/b/a Games2U*

---

[1] The parties had three separate franchise agreements which were identical in all material terms save for the territories granted under each.